**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| )   | |
| Plaintiff,    ) | |
| )   | |
| vs.    ) | No. CR 09-3086 RB |
| )   | |
| CHRISTOPHER ROY CHAVEZ,    ) | |
| )   | |
| )   | |
| Defendant.    ) | |

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's Motion to Reconsider (Doc. 85), filed on December 17, 2010. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court denies this motion.

**I.      Background.**

On May 10, 2010, Defendant pleaded guilty to the Indictment that charged him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and aiding and abetting, in violation of 18 U.S.C. § 2. On December 9, 2010, Defendant was sentenced to 120 months imprisonment, to be served consecutively to any state sentence Defendant was then serving, and to be followed by three years supervised release. (Doc. 80.) Defendant requests credit for twenty months time served and modification of his sentence to state that he has "100 months left to be served after finishing" his state sentence. (Doc. 85.)

**II.     Discussion.**

A district court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). While 18 U.S.C. § 3582(c) allows for reduction of a sentence in certain limited

circumstances, no such circumstances exist herein. The motion presents no statutory authority that would allow the Court to modify the sentence.

Similarly, the Rules of Criminal Procedure provide no avenue for relief. If a motion is filed within fourteen days after sentencing, Federal Rule of Criminal Procedure 35(a) allows for the correction of a sentence imposed in violation of law or an incorrect application of the sentencing guidelines. Fed. R. Crim. P. 35(a). While Defendant filed his motion within the fourteen-day timeframe, there was no illegality or impropriety in the sentence imposed. Federal Rule of Criminal Procedure Rule 36 allows for the correction of clerical mistakes or oversights in the record arising from oversight or omission. Fed. R. Crim. P. 36. Defendant alleges no clerical errors or oversights. Neither Rule 35(a), nor Rule 36, permit the sentence-modification sought by Defendant.

Defendant's request for credit for time-served fares no better. Credit for time served in official detention prior to imposition of a federal sentence is governed by 28 U.S.C. § 3585(b), which allows a federal defendant to be given credit toward his federal term of imprisonment for time spent in official detention prior to commencement of his federal sentence only if that time "has not been credited against another sentence." 28 U.S.C. § 3585(b). It would appear that if the time is credited against the state sentence, it may not be credited against the federal sentence. However, this calculation is not to be performed by the Court.

The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). In order to challenge the calculation of credit for time served, Defendant must first exhaust all of his administrative remedies with the Bureau of Prisons before he seeks judicial review regarding the calculation of credit for time served. *See Montez v.*

*McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Once he has done so, if he is not satisfied with the Bureau of Prisons' resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241. *Id.* Such petition must be filed in the judicial district where Defendant is held in custody at the time such a petition is filed. *See* 28 U.S.C. § 2241(a).

### III. Conclusion.

This Court does not have authority to modify the sentence, or to grant the requested credit for time-served. In any event, the Court would not be inclined to grant Defendant's requests. For the reasons stated herein, the motion will be denied.

**IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**