IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                No. CR 09-3086 RB

**CHRISTOPHER CHAVEZ,**

    Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 36 (Doc. 97), filed on July 16, 2015. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court denies this motion.

**I.  Background**

On May 10, 2010, Defendant pleaded guilty to the Indictment that charged him with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and aiding and abetting, in violation of 18 U.S.C. § 2. (Doc. 69.) On December 9, 2010, Defendant was sentenced to 120 months imprisonment, to be served consecutively to any state sentence Defendant was then serving, and to be followed by three years supervised release. (Doc. 80.) In his motion, Petitioner alleges that the Presentence Investigation Report incorrectly classified the pellet pistol found in his possession and the Bureau of Prisons did not give him credit for time served in state custody. (Doc. 97.)

**II.     Discussion**

The terms of Rule 36 of the Federal Rules of Criminal Procedure allow "correction in the formal record of a gap or error 'arising from oversight or omission.' "  *Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968) (analyzing claim under Fed. R. Civ. P. 60(a)), *cited in United States v. Morales*, 108 F.3d 1213, 1224 (10th Cir. 1997); *and see Azure v. Gallegos*, 97 F. App'x 240, 244 (10th Cir. 2004) (rejecting claim for alleged error regarding consecutive sentence as unavailable under Rule 36); *United States v. Werber*, 51 F.3d 342, 347, 348 n.16 (2d Cir. 1995) (allowing court to correct transcription errors under rule 36, but not "error[s] of law"), *cited in United States v. Blackwell*, 81 F.3d 945, 949 (10th Cir. 1996).

The allegedly incorrect classification of the pellet gun in Defendant's Presentence Investigation Report does not constitute "a 'clerical mistake' . . . appear[ing] on the face of the record, leaving little need for adversary proceedings to clarify the issue."  *Werber*, 51 F.3d at 347. "Rule 36 motions apply to clerical errors only and are not the proper vehicle to challenge the substance of the information in a presentencing report.   The alleged errors are not 'clerical' errors within the meaning of Rule 36."  *United States v. Simon*, 36 F. App'x 415, 416 (10th Cir. 2002). The Presentence Investigation Report does not appear on the face of the record.   Defendant had an opportunity to address the classification of the pellet gun before sentencing.  The allegedly incorrect classification of the pellet gun does not conflict with findings or rulings in the criminal proceeding.   The Court will deny Defendant's request to correct a clerical error.

Defendant's request for credit for time-served fares no better.  Credit for time served in official detention prior to imposition of a federal sentence is governed by 28 U.S.C. § 3585(b), which allows a federal defendant to be given credit toward his federal term of imprisonment for time spent in official detention prior to commencement of his federal sentence only if that time

"has not been credited against another sentence." 28 U.S.C. § 3585(b). It would appear that if the time is credited against the state sentence, it may not be credited against the federal sentence. However, this calculation is not to be performed by the Court.

The authority to calculate a federal prisoner's period of incarceration for the federal sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). In order to challenge the calculation of credit for time served, Defendant must first exhaust all of his administrative remedies with the Bureau of Prisons before he seeks judicial review regarding the calculation of credit for time served. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Once he has done so, if he is not satisfied with the Bureau of Prisons' resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241. *Id.* The Section 2241 petition must be filed in the judicial district where Defendant is held in custody at the time such a petition is filed. *See* 28 U.S.C. § 2241(a); *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996).

A district court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). While 18 U.S.C. § 3582(c) allows for reduction of a sentence in certain limited circumstances, no such circumstances exist herein. The motion presents no statutory authority that would allow the Court to modify the sentence. Because the Court may not grant the relief that Defendant has requested, the motion will be denied.

**III.   Conclusion**

Rule 36 does not allow for modification of the Presentence Investigation Report. The

Court does not have authority to grant the requested credit for time-served or to modify the sentence. In any event, the Court would not be inclined to grant Defendant's requests. For the reasons stated herein, the motion will be denied.

    **IT IS SO ORDERED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**